**In re AMERICAN MEDICAL ASS'N, CHICAGO, ILL.**

District Court of the United States for the District of Columbia.

Nov. 30, 1938.

Seth W. Richardson, of Washington, D. C., and Edward M. Burke, of Chicago, Ill., for American Medical Ass'n.

PROCTOR, Justice.

A recent subpœna duces tecum to the American Medical Association was partially quashed as unreasonable and oppressive because of its sweeping requirements. This subpœna is intended to overcome those faults. I think it does so.

The desired papers are well identified. The periods of time to be covered by the search, although longer than the statutory period of limitation, are definitely fixed and not necessarily unreasonable, having in mind the nature of the inquiry. The papers required, it is understood, are only those which may now be in possession of the Association or its officers. I see no reason why the Association cannot comply with the subpœna without undue difficulty or hardship if its papers have been kept under any efficient system of filing.

Counsel for the Association again contend that the papers described by the subpœna are irrelevant and incompetent to the subject matter of the inquiry before the grand jury and that the matters being investigated cannot by their nature involve any violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note, in respect of its local or interstate provisions. It is therefore argued that, as the investigation concerns matters of which this Court would have no jurisdiction, the proceeding cannot legally form the foundation for issuance of the subpœna. It is insisted that the Court should now determine these basic questions. I cannot agree with these contentions. The virtual effect of the propositions to now pass upon the admissible quality of evidence sought for production before the grand jury, or produced before it, and to determine vital questions of jurisdiction, would be to require a close and detailed supervision by the Court of the grand jury's investigation which, I think, can find no proper support in the historical background and development of the grand jury system or the well established rules of criminal procedure. Moreover, the present inquiry before the special grand jury is of an original nature. Neither the American Medical Association nor any other party has been held for action of the grand jury upon any criminal charge. The inquisition has its origin with the grand jury. There are as yet no defendants. There may never be any.

Hence, at this stage of the proceeding the Association has no such status as entitles it to raise any of the vital questions now urged upon the Court.

In my opinion, the motion to quash the subpœna should be overruled, and it is so ordered.